**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NADER BEN GHALBA, | No. 12-72383 |
| Petitioner, | |
| v. | Agency No. A077-304-221 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 5, 2014[**]
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Nader Ben Ghalba ("Ben Ghalba"), a native and citizen of Tunisia, petitions

for review of the Board of Immigration Appeals' ("BIA") denial of his applications

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT"). Because we lack jurisdiction to review his asylum claim and he

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

has not demonstrated a clear probability of either persecution or torture, we dismiss Ben Ghalba's petition in part and deny his petition in part.

The BIA's conclusion that Ben Ghalba's untimely asylum application was not filed within a "reasonable period" after "changed circumstances" relied on factual determinations that Ben Ghalba now disputes. For instance, he claims that his religious transformation crossed the threshold necessary to constitute "changed circumstances" in the Spring of 2003. The BIA, however, concluded that Ben Ghalba had "already significantly increased the frequency of his mosque attendance in 2001 and 2002." Although "religious transformation" and mosque attendance are different concepts, Ben Ghalba's argument throughout these proceedings has been that his outward displays of religious devotion (*i.e.*, mosque attendance and a conspicuous beard) are what will subject him to persecution. Thus, this factual dispute is not merely an inconsistency. It is a fundamental factual disagreement concerning when Ben Ghalba experienced the changed circumstances that he argues renders his asylum application timely filed. Because we have jurisdiction over the "changed circumstances" question only if Ben Ghalba's "petition is a question of the application of a statutory standard to *undisputed* facts," *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam) (emphasis added), we lack jurisdiction to review the BIA's decision

regarding the one-year ban, *see Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011) (concluding that we have jurisdiction if the facts underlying a claim of changed circumstances are not in dispute).

Substantial evidence supports the BIA's denial of Ben Ghalba's withholding of removal claim. While country reports state that men in Tunisia who are perceived as Islamists have been subject to police harassment or detention, the severity of the reported harm does not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (holding that persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)); *Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc) (holding that possible detention, arrest, or imprisonment of applicant for not following Iran's dress code was common harassment, not persecution). Furthermore, Ben Ghalba has not demonstrated a clear probability that he personally will be persecuted if returned to Tunisia. *See Ramadan*, 479 F.3d at 658. Although he wears a beard and is religiously devout, nothing in the record compels us to conclude that the Tunisian

government will label Ben Ghalba an Islamist or terrorist, arrest him, and persecute him.[1]

Substantial evidence also supports the BIA's denial of Ben Ghalba's CAT claim. Because "the BIA incorporate[d] the IJ's reasons as its own, we treat the IJ's reasons as the BIA's." *He v. Ashcroft*, 328 F.3d 593, 595-96 (9th Cir. 2003). While country reports state that "security forces tortured detainees to elicit confessions and discourage resistance," and that "[p]olitical prisoners, Islamists, and persons detained on terrorism-related charges allegedly received harsher treatment than other prisoners," the IJ concluded that Ben Ghalba's claim was "speculative at best." We agree. As with his withholding of removal claim, the record does not compel us to conclude that it is more likely than not that Ben Ghalba will be identified as a terrorist or an Islamist by the Tunisian government.

---

[1] Furthermore, the collapse of former Tunisian President Ben Ali's government in January 2011 has likely further decreased the likelihood that Ben Ghalba will face persecution or torture. *See U.S. Dep't of State, Tunisia: Country Reports on Human Rights Practices* (2011), *available at* http://www.state.gov/documents/organization/186663.pdf (explaining that the revolution has led to "an unprecedented opening for respect for human rights in the country."). Generally, our review is limited to the administrative record, but we may review out-of-record State Department reports not available at the time the BIA made its decision. *See Gafoor v. INS*, 231 F.3d 645, 655-56 (9th Cir. 2000), *superceded by statute on other grounds*, REAL ID Act of 2005, Pub. L. No. 109-13, div. B, § 101(h)(2), 119 Stat. 231, 305 (2005), as stated in *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009).

4

*See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009). While the Los Angeles Times article mentions Ben Ghalba's arrest for selling counterfeit goods in the context of a terrorism investigation in Los Angeles, it does not identify him as a terrorist and he has never labeled himself as such. Thus, substantial evidence supports the BIA's determination that Ben Ghalba failed to establish eligibility for CAT relief. *See* 8 C.F.R. § 1208.16(c).

**PETITION DISMISSED IN PART; DENIED IN PART.**

*Ghalba v. Holder*, No. 12-72383
REINHARDT, Circuit Judge, concurring:

I concur in the holding of the disposition with respect to petitioner's application for

withholding of removal and for relief under the Convention Against Torture, but I

would deny rather than dismiss his application for asylum.

1